374 F.2d 508
 THOMAS JORDAN, INCORPORATED, Appellant-Appellee,
v.
McMILLAN WELDING & MACHINE WORKS, Appellee-Appellant.
JACK NEILSON, INC., Appellant,
v.
THOMAS JORDAN, INC., Claimant & Owner of the BARGE TJ-68, Appellee-Appellant.
McMILLAN WELDING & MACHINE WORKS, Appellant-Appellee,
v.
GENERAL TOWING COMPANY and the individual partners thereof and BARGE TJ-248, its tackle, apparel, furniture, etc., Appellee.
 No. 23655.
 United States Court of Appeals Fifth Circuit.
 March 23, 1967.
 
 Nathan Greenberg, Gretna, La., Neal D. Hobson, New Orleans, La., Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel, for Thomas Jordan, Inc., appellant-appellee.
 C. S. Tindall, Greenville, Miss., René A. Pastorek, Gretna, La., Geo. A. Frilot, III, New Orleans, La., John W. Futrell, New Orleans, La., Lemle & Kelleher, New Orleans, La., of counsel, for McMillan Welding & Machine Works, appellant-appellee.
 Before BROWN, MOORE,* and BELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Barge, TJ-68, owned by Thomas Jordan, Inc. (Jordan), was damaged while in tow of the Tug "CAPTAIN MARIE," owned by General Towing Company (the Company) and under an alleged verbal charter to General Towing Corporation (the Corporation). Libelant, McMillan Welding & Machine Works (McMillan) was engaged to make emergency repairs. The TJ-68 was under written charter to Jack Neilson, Inc. McMillan submitted its bill to the Company. Failing to secure payment, McMillan filed suit against Jordan, which in turn entered the suit as claimant of the TJ-68, impleaded Neilson under its charter indemnity and sought judgment over against Neilson and the Company. McMillan's claim against the Company, the Corporation, as charterer of the Tug, and Jordan was in personam; against the TJ-68 in rem. Neilson asserted laches as an affirmative defense to the claims of McMillan and Jordan.
 
 
 2
 The repairs were duly authorized under the circumstances and were obviously necessary to save the TJ-68 from further damage or total loss. The Trial Court found in a well-reasoned opinion that the repair bill of $3,147.36 was reasonable; that McMillan was entitled to recover on its claim in personam against Jordan and the Corporation and in rem against the TJ-68; that Jordan was entitled to recover against Neilson on its indemnity plus a $1,000 attorney's fee because of being compelled to defend; that the defense of laches was not well founded, there being no showing of prejudice; but that there being no proof of fault, Jordan's claim over against the Corporation should be denied. A review of the record reveals that the judgment is based upon an accurate application of the law to the established facts and, accordingly, the judgment is
 
 
 3
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Second Circuit, sitting by designation